IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIM. CASE NO. 2:06cr221-WKW |
| | ) | |
| AUDRA MARIE RUSH | ) | |

**ORDER**

Now pending before the Court is non-party Elmore County Department of Human Resources' motion for protective order (doc. # 42), non-party Montgomery County Department of Human Resources' motion for protective order (doc. # 50), and the defendant's motion to seal the *ex parte* status report (doc. # 63). The parties have conferred and reached an agreement on the documents to be disclosed. Accordingly, upon consideration of the motions, and for good cause, it is

ORDERED as follows:

1. The motion to seal the *ex parte* status report (doc. # 63) be and is hereby GRANTED.

2. The motions for protective orders (docs. # 42 & 50) be and are hereby DENIED to the extent that the following documents possibly contain material and relevant to the issues pending herein and are subject to disclosure in accordance with the directives of this order:

    a. Elmore County, Alabama Juvenile Court dependency and termination of parental rights orders regarding Defendant and her children.

    b. Elmore County Department of Human Resources court reports filed in the

      court cases referenced in Number 1 above.

    c.    Jackson County Hospital delivery and blood test results, and Discharge/Progress notes on Defendant and her child in August 2005.

    d.    Elmore County Department of Human Resources comprehensive family assessment evaluation on Defendant dated December 2004.

    e.    Elmore County Department of Human Resources assessment on Defendant dated December 2000.

    f.    Adoption non-identifying background information summary on Defendant and family.

    g.    Child Abuse Record dated August 2005 listing Defendant as perpetrator in an "indicated" report.

    h.    Child Abuse Record dated June 1999 listing Defendant as child victim in a "not indicated" report.

    i.    Child Abuse Record dated July 1989 listing Defendant as child victim in an "incomplete" report.

3.    Copies of such records shall be produced by DHR to the defendant's legal counsel. All documents sought by the subpoena are deemed confidential and shall not be disclosed except upon further order of this Court.

4.    Disclosure of confidential material produced shall be restricted to this litigation for such use by the parties as is permitted by the Rules and Orders of this Court. All parties to this case and their legal counsel shall maintain the confidentiality of all DHR records. All parties hereto shall disclose the records only to the following:

    a.    the Court,

    b.    counsel for a party, and his or her agents and employees;

    c.    persons with prior legal access to said records;

    d.    court officials involved in the litigation, including court reporters;

    e.    persons noticed for deposition or designated as trial witnesses, to the extent reasonably necessary in preparing to testify or actually giving testimony, provided such persons are directed to keep confidential those matters protected by this order;

    f.    outside consultants or experts retained for the purpose of assisting counsel in the litigation, or in anticipation of such, provided said persona re directed to keep confidential those matters protected by this order; and

    g.    members of the jury.

5.    Any DHR records admitted into evidence or otherwise made a part of the record in this case shall be placed under seal and shall not be made a part of the public record of this case nor released to members of the public.

6.    In all other respects, the motions for protective order (docs. # 42 & 50) be and are hereby GRANTED.

Done this 14th day of February, 2007.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE