IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06CR221-WKW |
| | ) | |
| AUDRA MARIE RUSH | ) | |

**ORDER**

Upon consideration of the motion for release to Hosanna Home (doc. # 67) filed by the defendant and for the reasons set forth in this order, it is

ORDERED that the motion be and is hereby DENIED.

The defendant is charged with being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1).  The indictment alleges that prior to her possession of the weapon she was convicted in 2004 of breaking and entering a vehicle and theft of property in the second degree.  At the time of her initial appearance on the charge pending in this court, Rush was released on conditions, conditions which she promptly violated.  The order imposing conditions of release was entered on October 2, 2006; the petition alleging that Rush violated those conditions by failing to report as required, failing to report for drug testing and failing to maintain a job was filed on November 17, 2006.  The defendant was arrested ten days later.  At the hearing on the revocation of her pretrial release, the defendant admitted that she violated the conditions, and requested that she remain in jail pending placement for "detox treatment."

The defendant now seeks release so she can receive treatment.  The United States and her pretrial services officer adamantly oppose her release, believing that her request

for placement is merely a device for her to secure sufficient freedom to abscond from any custody as she did in the past.

Conditions of release imposed pursuant to the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, must be relevant to one of the Act's twin purposes of insuring the appearance of the defendant and the safety of the community and other persons. *See e.g. United States v. Rose*, 791 F.2d 1477 (11th Cir. 1986) (condition that appearance bond be retained by the clerk to pay any fine subsequently levied against the defendant impermissible because it was for a purpose other than that for which bail is required). *See also United States v. Brown*, 870 F.2d 1354, 1358 n,5 (7th Cir. 1989) (condition imposed for the purpose of insuring a "fair and orderly trial," while laudable is inconsistent with purposes of Bail Reform Act). The defendant seeks release with a condition that she remain at the Hosanna House for treatment. However, under the circumstances of this case, the court cannot now conclude that such a condition is related to the defendant's appearance or the safety of others. The defendant is presently detained, albeit on a waiver of her right to a hearing, because she violated the prior conditions of her release. At the hearing on the instant motion, the court heard further evidence about the defendant's inability to make good choices concerning either herself or others such as her children for whom she no longer retains custodial rights. Rush has a long history of multiple drug abuse. Ultimately, the release of the defendant is a question of trust. Here, the defendant by her own actions has demonstrated that she cannot be trusted to abide by the conditions imposed by this court. The court frankly is disinclined to trust her again. Her desire for

drug treatment which was described as a measure to rehabilitate her for reentry into society, while commendable, is not now related to her appearance for further proceedings. Given her prior violation of the conditions of release and for the other reasons expressed in this order, Rush will remain in custody.

Done this 5th day of March, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE