## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 2:06-CR-221-WKW |
| | ) | |
| AUDRA M. RUSH | ) | |

### MOTION IN LIMINE

**COMES NOW** the Defendant, **AUDRA RUSH**, by undersigned counsel, and hereby moves *in limine* for an Order directing the United States to refrain from placing any statement, argument, evidence or testimony before the jury regarding any of the following matters:

    A.    The alleged presence or discovery of more than one firearm or more than one type of ammunition or multiple quantities of ammunition, in the house in which Ms. Rush was arrested on the date charged in the Indictment;

    B.    The alleged presence or discovery of controlled substances, including marijuana, cocaine residue, methamphetamine residue, and/or ecstasy pills, in the house in which Ms. Rush was arrested on the date charged in the Indictment;

    C.    The purpose or intention of any of the law enforcement officers in coming to the house in which Ms. Rush was arrested on the date charged in the Indictment;

    D.    Any alleged information gathered, obtained or received by any of the law enforcement officers, prior to their coming to the house in which Ms. Rush was arrested on the date charged in the Indictment;

E.  Any statements by anyone not a witness at this trial;

F.  Any alleged information concerning Ms. Rush's prior criminal conduct, care or conduct of her family or family members, drug use, any conduct violating the conditions of Ms. Rush's state probation, or any aspect of Ms. Rush's conduct while on state probation or other supervision;

G.  Any convictions of Ms. Rush, other than <u>one</u> of the two convictions specified in the Indictment in this matter.

In support of this motion, the Defendant would show the following:

1.  On August 26, 2005, various police officers, sheriff's deputies, state probation officers and other law enforcement officers came to a house in Montgomery, Alabama, for the purpose of locating Audra Rush.

2.  According to reports provided to defense counsel in discovery, Audra Rush's mother had told the officers that Ms. Rush could be found at this house and led them to the house.

3.  According to reports provided to defense counsel in discovery, some of the officers were seeking Ms. Rush on the basis of a probation violation warrant that had been issued due to her alleged failure to report to her state probation officer, as well as for other technical violations of her state probation. No firearms violations had been alleged against Ms. Rush as of the time of the issuance of the warrant or her physical arrest on August 26, 2005.

4.      According to reports provided to defense counsel in discovery, some of the officers were seeking Ms. Rush in the hopes that she could provide information regarding an ongoing homicide investigation, based on a shooting which had occurred in Elmore County in 2003. Two defendants were under arrest and charged with that homicide as of August 2005 and Ms. Rush was not considered a suspect in that homicide.

5.      According to reports provided to defense counsel in discovery, a dog and three other people, in addition to Ms. Rush, were at the house at the time of Ms. Rush' arrest. Some of these people made various statements to the officers, regarding who was in the house. It is not anticipated that any of these people will be government witnesses. Hearsay statements should not be presented in evidence.

6.      In the course of events occurring at the time of Ms. Rush' arrest on the probation violation warrant, officers discovered several firearms, several types and quantities of ammunition, and various controlled substances at several different locations in the house in which Ms. Rush was arrested. However, all of these items, other than the firearm and ammunition charged in the indictment, were found in rooms other than the location of Ms. Rush. Ms. Rush has never been charged with any offense in connection with these other items, nor has anyone else.

7.      The presence of these other items, in areas removed from Ms. Rush, is not probative of or relevant to the issues charged in the instant Indictment, in that it has no tendency to make the existence of any fact that is of consequence to the determination of this

action more or less probable than it would be without the evidence. See F.R.E. 401.

8. Because they are not relevant to the matters in dispute, such items are not admissible at the trial of this Indictment. See F.R.E. 402.

9. Moreover, probative value, if any, of such evidence would be outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay and waste of time, and/or needless presentation of cumulative evidence, which would be created by the admission of these unnecessary, irrelevant, misleading and prejudicial matters. See F.R.E. 403.

10. To the extent such matters would be considered other crimes, wrongs or acts covered by F.R.E. 404(b), they are not admissible because such matters do not fit within the appropriate exceptions identified in F.R.E. 404(b).

11. Further, even if such matters were arguably admissible under F.R.E. 404(b), required notice has not been given of the Government's intent to present such items.[1]

---

[1] Discovery provided in this matter included the reports described. However, the only notice regarding matters alleged to be admissible under Rules 404(b) and 609 of the Federal Rules of Evidence consisted of the following general statement in the discovery materials:

> 3. The United States intends to use at trial any and all prior convictions, crimes, wrongs or acts of Defendant for those uses permitted by Rules 404(b) and 609, Fed.R.Evid., and as otherwise allowed by law. The United States is presently aware of, and at this time intends to use, the following: Any & all previous instances of illegal possession of firearms & ammunition.

This general statement, without details of the dates, firearms, ammunition, or "possession", is not sufficient notice of the intent to introduce specific evidence. Rule 404(b) and the Standing Discovery Order of this court require advance notice of such intent. The required notice should include a description of the proposed evidence with sufficient detail to fairly apprise the

12. Evidence of criminal activity by Ms. Rush which is unrelated to the offense charged is not admissible under Fed. R. Evid. 404(b). *See, e.g., United States v. Jones*, 28 F.3d 1574, 1579 (11th Cir. 1994).

13. No "background" or "scene setting" is necessary, relevant or admissible at the trial of this matter. Ms. Rush has not disputed the authority of the state probation officer to seek her or serve the violation arrest warrant. *See United States v. Reyes*, 18 F.3d 65 (2d Cir. 1994); *United States v. Forrester*, 60 F.3d 52 (2nd Cir. 1995); *United States v. Martin*, 897 F.2d 1368, 1372 (6th Cir. 1990); *United States v. Fountain*, 2 F.3d 656, 668-69 (6th Cir. 1993).

14. Evidence of a "tip," even from Ms. Rush's mother, as to Ms. Rush's location is irrelevant to the matters in dispute. *United States v. Lovelace,* 123 F.3d 650 (7th Cir. 1997).

15. Evidence of more than one felony conviction is inherently prejudicial. Ms. Rush will stipulate that she has a felony conviction and will agree that the Government may use one of the two convictions identified in the Indictment. *Old Chief v. United States*, 519 U.S. 172 (1997).

16. This court's authority to manage trials includes the power to exclude evidence

---

defendant of the general nature of the conduct, and with sufficient clarity to permit pretrial resolution of the issue of its admissibility. *United States v. Barnes*, 49 F.3d 1144, 1148 - 1149 (6th Cir. 1995); *United States v. Lampley*, 68 F.3d 1296 (11th Cir. 1995). "Any & all" does not meet this requirement.

in limine.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  A motion in limine to exclude evidence may be granted if the evidence sought to be excluded is clearly inadmissible for any purpose.  *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994).

WHEREFORE, Ms. Rush requests that this Motion be granted.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Audra Rush
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on 16th day of April 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Verne Speirs, Esquire
>Assistant United States Attorney
>One Court Square, Suite 201
>Montgomery, Alabama 36104

>**s/Christine A. Freeman**
>**CHRISTINE A. FREEMAN**
>**TN BAR NO.: 11892**
>Attorney for Audra Rush
>Federal Defenders
>Middle District of Alabama
>201 Monroe Street, Suite 407
>Montgomery, AL 36104
>TEL: (334) 834-2099
>FAX: (334) 834-0353
>E-Mail: Christine_Freeman@fd.org